UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| FRANCO PORCELLI, | } | Case No. 5:21-cv-43 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| CHOICE RECOVERY, INC., | } | 15 U.S.C. § 1681, et seq. |
| DEFENDANT | } | |
| _____/ | | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff FRANCO PORCELLI, through his attorney, brings this action to challenge the actions of Defendant CHOICE RECOVERY, INC. for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the

type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and Defendant's violations of the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the City of Ocala, County of Marion, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiff is a natural person.

9. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because he was allegedly obligated to

pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.  Specifically, Plaintiff was allegedly obligated to pay money allegedly owed for medical services performed on him by Ocala Family Medical.

11.  Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a debt.

**FACTUAL ALLEGATIONS**

12. At some point in the past, Plaintiff went to Ocala Family Medical and had medical services performed on him.  In 2018, Plaintiff and Ocala Family Medical were in the process of resolving a dispute surrounding the amount Plaintiff allegedly owed them for these medical services.  However, during the dispute process, Ocala Family Medical stopped responding to Plaintiff, and so Plaintiff moved on with his life under the assumption that Ocala Family Medical accepted his position that he did not owe them the amount they claimed.

13. At some point between 2018 and January 22, 2020, either A. Ocala Family Medical contracted with Defendant to collect upon the "alleged debt described in part in paragraphs 10 and 12, above" (hereinafter the "Alleged Debt"); or B. Ocala Family Medical sold Defendant the Alleged Debt.

14. On January 22, 2020, Defendant called Plaintiff in an apparent attempt to collect upon the Alleged Debt – but was unable to reach Plaintiff.

15. Also on January 22, 2020, Defendant placed a derogatory "trade line" on Plaintiff's credit reports.  This "trade line" stated that Plaintiff allegedly owed "$810.00" on an account originally owned by Ocala Family Medical, whose account number was listed as "2250XXXX," and for which the "date of first delinquency" was "May 24, 2017."

16. On January 23, 2020, Plaintiff, seeing a missed call, called Defendant back, where, in the ensuing phone call, Defendant attempted to collect from Plaintiff the Alleged Debt.  In this phone call, Plaintiff disputed the validity of the Alleged Debt.

17. On February 11, 2020, Defendant inexplicably placed a second derogatory "trade line" on Plaintiff's credit reports. This "trade line" also stated that Plaintiff allegedly owed "$810.00" on an account originally owned by Ocala Family Medical, whose account number was listed as "2255XXXX," and for which the "date of first delinquency" was "May 24, 2017."

18. The "trade lines" described in paragraphs 15 and 17, above, were simultaneously maintained by Defendant. As a result, Defendant had two outstanding "trade lines" on Plaintiff's credit reports, both of which exactly identical except for one digit in the alleged account number (225**0**XXXX and 225**5**XXXX), both of which tanked Plaintiff's credit score.

19. On April 2, 2020, Defendant re-reported both "trade lines" described in paragraphs 15 and 17, above; except that for the trade line described in paragraph 15, above, Defendant indicated that Plaintiff disputed the account information. Defendant did not indicate that Plaintiff disputed the account information for the trade line described in paragraph 17, above.

20. Shortly after April 2, 2020, when Plaintiff noticed Defendant's two fraudulently placed "trade lines" on his credit reports, Plaintiff disputed the two "trade lines" with both Experian and TransUnion credit bureaus. However, as of April 27, 2020, Plaintiff received communication from both credit bureaus that Defendant's investigation determined that the "trade lines" were accurately reported.

21. As of January 21, 2021, Defendant still maintains both "trade lines" described in paragraphs 15 and 17, above; they are still tanking Plaintiff's credit score.

22. As of January 21, 2021, Plaintiff has disputed the two "trade lines" with both Experian and TransUnion credit bureaus multiple times in addition to the times described in paragraph 20, above; each time both Experian and TransUnion indicate that Defendant verified the information as accurate and the credit bureaus will not remove or modify the "trade lines."

23. As of both January 28, 2020 and January 21, 2021, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with

Plaintiff, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  Additionally, Defendant has failed to mail Plaintiff any written notices whatsoever, including after the January 22, 2020 and January 23, 2020 phone calls.

24. Additionally, Plaintiff does not owe and never has owed the Alleged Debt in the manner and amount claimed by Defendant – neither $810.00 nor $1620.00, as the $810.00 is reported twice under two separate account numbers.

## FIRST CLAIM FOR RELIEF

**Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

25. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

26. By communicating with Plaintiff and the credit bureaus for debt collection purposes and falsely representing the character, amount, or legal status of an alleged debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

27. By placing entries on Plaintiff's credit reports regarding the nonpayment of an alleged debt without indicating that alleged debt is disputed, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(8).

28. By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt despite either knowing that such information is false or should have had known that such information is false, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(8).

29. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

30. By communicating with Plaintiff for debt collection purposes that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices in violation the FDCPA, 15 U.S.C. § 1692f(1).

31. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the

original creditor, if different from the current creditor, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692g(a).

32. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

33. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

34. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

35. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Defendant's violations of the FCCPA, Fla. Stat. § 559.55, et seq.**

36. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

37. By placing entries on Plaintiff's credit reports regarding the nonpayment of alleged debt without indicating that alleged debt is disputed while having actual knowledge of the existence of the reasonable dispute, Defendant has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(6).

38. By communicating with Plaintiff and/or the credit bureaus for the purposes of collecting upon alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, while having actual knowledge Plaintiff does not owe that alleged debt in the manner alleged by Defendant, Defendant claimed and/or attempted to enforce a debt when Defendant knows the debt is not legitimate, and has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

39. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

40. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

41. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

42. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

43. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

### THIRD CLAIM FOR RELIEF

## Violation of the FCRA, 15 U.S.C. § 1681, et seq.

44. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

45.  By receiving notice of Plaintiff's dispute filed with the consumer reporting agencies (the "credit bureaus") regarding the completeness or accuracy of information provided by Defendant surrounding the alleged debt, and failing to conduct a reasonable investigation with respect to the disputed information, Defendant has engaged in illegal practices under the FCRA, 15 U.S.C. § 1681s-2(b)(1).

46. The FCRA provides for actual damages sustained as a result of willful violations of the statute, 15 U.S.C. § 1681n(a)(1)(A).

47. The FCRA provides for statutory damages of $1,000.00 for willful violations of the statute, 15 U.S.C. § 1681n(a)(1)(A).

48. The FCRA provides for punitive damages for willful violations of the statute, 15 U.S.C. § 1681n(a)(2).

49. The FCRA provides for reasonable attorney's fees and costs in any successful action proving willful violations of the statute, 15 U.S.C. § 1681n(a)(3).

50. The FCRA provides for actual damages sustained as a result of negligent violations of the statute, 15 U.S.C. § 1681o(a)(1).

51. The FCRA provides for reasonable attorney's fees and costs in any successful action proving negligent violations of the statute, 15 U.S.C. § 1681o(a)(2).

52. 15 U.S.C. § 1681n(a)(1)(A) entitles Plaintiff to actual damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

53. 15 U.S.C. § 1681n(a)(1)(A) entitles Plaintiff to up to $1,000.00 in statutory damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

54. 15 U.S.C. § 1681n(a)(2) entitles Plaintiff to punitive damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

55. 15 U.S.C. § 1681n(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successfully proving Defendant's willful violations of the FCRA, and Plaintiff are so entitled.

56. 15 U.S.C. § 1681o(a)(1) entitles Plaintiff to actual damages for Defendant's negligent violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

57. 15 U.S.C. § 1681o(a)(2) entitles Plaintiff to reasonable attorney's fees and costs upon successfully proving Defendant's negligent violations of the FCRA, and Plaintiff are so entitled.

WHEREFORE, Plaintiff respectfully request that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Punitive damages in the maximum amount as the court deems proper and may provide;

(d) Reasonable attorney's fees and costs;

(e) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 21st day of January, 2021,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com